**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CASE NO. 2:26-cr-00011** |
| **vs.** | **JUDGE MARBLEY** |
| **BRENDAN CONKLIN,** | |
| **Defendant.** | |

### REQUEST OF THE UNITED STATES FOR A *LAFLER* HEARING

The above captioned case is currently set for trial on May 4, 2026. The undersigned have provided a written copy of a proposed plea agreement to counsel for defendant Conklin on March 25, 2026. Shortly thereafter, counsel for Conklin notified the undersigned that the defendant is unwilling to enter into this plea agreement. Therefore, the undersigned request that this Court establish a *Lafler* hearing date in early April to question the defendant regarding his rejection of this plea agreement. Via this notice, the undersigned is formally notifying defense counsel that the proposed plea agreement will be formally withdrawn at the conclusion of any scheduled *Lafler* hearing and that the undersigned are continuing with trial preparation.

The United States requests that this Court schedule and conduct such a hearing as the Court's schedule permits but well in advance of the current trial date. This would allow the Government to make a formal record regarding its conveyance of the plea agreement to the defendant as well as an on-the-record indication that the defendant understood the terms of the plea offer and the potential sentencing consequences he faces if, instead, he were to be convicted at trial. Likewise, such a hearing would formally place the defendant on notice that this potential plea offer will be withdrawn at the conclusion of the hearing as described above.

To be clear, the Government is confident that defense counsel have conveyed the terms of the plea offer to defendant Conklin and have informed him that the plea offer will be withdrawn well in advance of trial.   But as this Court is aware, in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court held that a defendant who turned down a favorable plea offer because he received incorrect legal advice from his attorney may maintain a claim for ineffective assistance of counsel.   Whether this factual allegation is true or not, it is evidence that, if true, would establish the claim for relief, and a district court "must hold an evidentiary hearing to determine the truth of the petitioner's claims" under such circumstances.   *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).   To avoid any future motions under 28 U.S.C. §2255 and/or an evidentiary hearing on such a claim, the Government respectfully requests such a hearing be held to establish that the defendant has knowingly rejected his offered plea agreement.

In an effort to avoid the time and expense of further final preparations for trial, the Government is notifying the defense counsel via this filing that the formal deadline for accepting the proposed plea offered will be at the conclusion of the *Lafler* hearing.

Respectfully submitted,

DOMINICK S. GERACE, II
United States Attorney

s/Kevin W. Kelley
KEVIN W. KELLEY (OH 004 2406)
DAMOUN DELAVIZ (PA 309631)
Assistant United States Attorneys

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing motion was sent via this Court's ECF system

to the attorneys for the defendant on this 25th day of March 2026.


s/Kevin W. Kelley
KEVIN W. KELLEY (0042406)
Assistant United States Attorney