**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case No. 2:26-CR-011** |
| **Plaintiff,** | ) | |
| | ) | **JUDGE ALGENON L. MARBLEY** |
| **v.** | ) | |
| | ) | |
| **BRENDAN CONKLIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION IN LIMINE FOR TIMELY DISCLOSURE OF *BRADY/GIGLIO* AND JENCKS MATERIAL

Defendant Brendan Conklin, by and through undersigned counsel, hereby respectfully moves this Court for an Order requiring the timely disclosure of all evidence and material subject to disclosure under *Brady*/*Giglio* and the Jencks Act/18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure. For the reasons set forth in the attached memorandum in support, this Court should require the Government to turn over all relevant material by Monday, April 20, 2026.

Respectfully submitted,

/s/ *Michael J. Hunter*
Michael J. Hunter (0076815)
Dominick A. Kocak (0102165)
**Flannery │ Georgalis, LLC**
175 S. 3rd Street, Suite 285
Columbus, Ohio 43215
(614) 324-4139
mhunter@flannerygeorgalis.com
dkocak@flannerygeorgalis.com

*Counsel for Defendant Brendan Conklin*

## MEMORANDUM IN SUPPORT

### I.  DISCLOSURE OF *BRADY/GIGLIO* MATERIAL

Under *Brady* and *Giglio*, the Government must disclose favorable evidence to the defendant, including impeachment evidence related to the credibility of a Government witness, when it is material to guilt or sentencing. *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972) and *Brady v. Maryland*, 373 U.S. 206 (1963)). Due process demands that the Government turn over *Brady* and *Giglio* material with "sufficient time to permit the defendant to make effective use of that material at trial." *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993). Trial courts routinely require the Government to provide *Brady* and *Giglio* material two or more weeks before trial. *See, e.g. United States v. Mills*, Case No. 16-CR-20460, 2019 WL 549171, at *3 (E.D. Mich. Feb. 12 2019) (60 days before trial); *United States v. Aparo*, 221 F. Supp. 2d 359, 366–67 (E.D.N.Y. 2002) (four weeks before trial); *United States v. Hogg*, No. 13-CR-20809, 2014 WL 1328170, at *3 (E.D. Mich. Apr. 2, 2014) (14 days before trial); *United States v. Thompson*, Criminal No. 07-35-GFVT, 2011 WL 1327339, at *5 (E.D. Ky. Apr. 4, 2011) (eight days before trial).

It is also common practice in the Southern District of Ohio and other courts within the Sixth Circuit that materials under the Jencks Act and Rule 26.2 are provided to the defense in advance of trial to avoid the unnecessary delay of providing to the defense only after a Government witness has testified. *See, e.g. United States v. Fletcher*, 295 F. App'x 749, 753 (6th Cir. 2008) (Government agreed to disclose Jencks material one week before trial); *United States v. Smith*, No. 3:11-00194, 2012 WL 2357437, at *3 (M.D. Tenn. June 20, 2012) (Government agreed to produce Jencks material 14 days before trial); *United States v. Valentine*, Case No. 18-20513-3, 2019 WL

5737734 (E.D. Mich. Nov. 5, 2019) (Government agreed to produce Jencks/Rule 26.2 material two weeks before trial).

The defense has identified *Brady/Giglio* evidence summarized in Defendant's Motion to Require *In Camera* Review of Grand Jury Transcripts (Doc #: 33) and his Supplemental Notice to his Motion (Doc #: 36). Additionally, for many of the same reasons set forth in the Motion to Require *In Camera* Review, the defense believes that this immediate disclosure of grand jury transcripts will produce additional *Brady/Giglio* and Jencks evidence critical to the defense in trial preparation, and will serve to avoid any unnecessary delay during trial if these items are received for review prior to trial.

A Protective Order has already been entered in this case under which "[t]he Government will make disclosure[s] to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500 . . ." (Doc. #: 14), and the requested items will only be utilized in preparation of Mr. Conklin's defense.

Therefore Mr. Conklin respectfully requests this Court to issue an order directing the Government to turn over all *Brady/Giglio* and Jencks Act material, including the Grand Jury transcripts, prior felony convictions of any Government witnesses, prior disciplinary actions of any Government witnesses, any other exculpatory or impeachment evidence of expected Government witnesses, and any outstanding Jencks material to the defense by April 20, 2026, which is two weeks before trial. Neither Mr. Conklin nor counsel is aware of any risk posed by the disclosure of this information two weeks before trial. There are no allegations of violence or retaliation against any Government witnesses, nor is there any indication that the Government will be prejudiced by turning over any relevant material by April 20, 2026. Mr. Conklin requests this

information by April 20, 2026, so that he has adequate time to make "effective use" of the material, to prepare for trial, and to continue to conduct his own investigation into the charges against him.

## II.     CONCLUSION

For the reasons set forth above, Defendant Brendan Conklin respectfully moves this Court for an Order requiring the government to turn over all *Brady/Giglio* and Jencks Act material by April 20, 2026.

Respectfully submitted,

*/s/ Michael J. Hunter*

Michael J. Hunter (0076815)
Dominick A. Kocak (0102165)
**Flannery │ Georgalis, LLC**
175 S. 3rd Street, Suite 285
Columbus, Ohio 43215
(614) 324-4139
mhunter@flannerygeorgalis.com
dkocak@flannerygeorgalis.com

*Counsel for Defendant Brendan Conklin*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, a copy of the foregoing was filed with the Court electronically via the Court's electronic filing system. Notice of this filing will be sent to the represented parties by operation of the Court's electronic filing system.

/s/ Michael J. Hunter
Michael J. Hunter (0076815)

*Counsel for Defendant Brendan Conklin*