**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | )    **Case No. 2:26-CR-011** |
| **Plaintiff,** | ) |
| | )    **JUDGE ALGENON L. MARBLEY** |
| v. | ) |
| | ) |
| BRENDAN CONKLIN, | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S MOTION IN LIMINE FOR USE OF OTHER
ACTS EVIDENCE PURSUANT TO FED. R. EVID. 404(b)**

Defendant Brendan Conklin, by and through undersigned counsel, hereby respectfully moves this Court in limine seeking the admission of other acts evidence of Victim 1 for the purpose of demonstrating Victim 1's state of mind at the time of the encounter with Mr. Conklin charged in Counts One and Two of the Superseding Indictment. The reasons for this Motion are set forth in the memorandum below.

Respectfully submitted,

*/s/ Michael J. Hunter*
Michael J. Hunter (0076815)
Dominick A. Kocak (0102165)
**Flannery │ Georgalis, LLC**
175 S. 3rd Street, Suite 285
Columbus, Ohio 43215
(614) 324-4139
mhunter@flannerygeorgalis.com
dkocak@flannerygeorgalis.com

*Counsel for Defendant Brendan Conklin*

## <u>MEMORANDUM IN SUPPORT</u>

The defense seeks admission of three facts to establish Victim 1's state of mind at the time

of the December 14, 2023, encounter with Mr. Conklin:

1. That at the time Victim 1 was stopped by Mr. Conklin, Victim 1 was serving a 36-month period of community control in the Franklin County Court of Common Pleas;

2. That one of the conditions of Victim 1's community control was that Victim 1 have no new charges or convictions; and

3. That at the time Victim 1 was stopped by Mr. Conklin, Victim 1 had two bench warrants for failure to appear in cases charging Victim 1 with traffic violations in Franklin County Municipal Court during the pendency of Victim 1's community control.[1]

The defense seeks admission of these facts as evidence that at the time Victim 1 was

detained by Mr. Conklin, Victim 1 submitted to Mr. Conklin's authority as a State of Ohio bail or

fugitive recovery agent on the existing state arrest warrants rather than that of his alleged

representations that he was a "federal officer."

Victim 1 has provided a video statement to the Government in which Victim 1 attests that

after they were detained, arrested, and searched, Mr. Conklin identified himself as being with his

company, "Ohio Fugitive Apprehension Program," prior to any alleged statement that he was a

"federal officer." Victim 1's status as serving a sentence of community control, under which a

condition was that Victim 1 "have no new charges or convictions," and was aware that they had

two traffic cases for which they had failed to appear, establishes Victim 1's state of mind at the

time of the encounter with Mr. Conklin: that they submitted to Mr. Conklin in his role as a State

---

[1] To continue to protect the identity of the victim, counsel will submit a copy of the Court of Common Pleas' records Notice of Community Control imposition, Felony Sentencing Sheet, and Community Control Judgment Entry evidencing these facts directly to the Court under separate cover.

of Ohio bail or fugitive recovery agent based on existing state arrest warrants and violations of community control sanctions.

Federal Rule of Evidence 404(b) reads in pertinent part:

> Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show a that on a particular occasion the person acted in accordance with the character. The evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1)-(2).

Before a district court can admit such evidence, it must first make a preliminary determination that there is sufficient evidence the other act occurred. *United States v. Barnes*, 822 F.3d 914, 920 (6th Cir. 2016). Next, the district court must ascertain whether the other act evidence is admissible for a proper purpose under Rule 404(b). *Id*. Lastly, the court must determine whether the other acts evidence is more prejudicial than probative. *Id*.

Here, the evidence seeks to admit in cross-examination of Victim 1 is plainly admissible under the three-part balancing test in *Barnes*. There is ample evidence of the three facts the defense seeks to admit in cross-examination of Victim 1, these facts are admissible for a proper purpose under Rule 404(b) of proving Victim 1's state of mind, and the evidence is more probative of Victim 1's state of mind than prejudicial given that the fact that Victim 1 had warrants for their arrest is not disputed in this case. *Barnes*, 822 F.3d at 920. A defendant's status on probation has previously been found as a properly admissible under 404(b). *See United States v. Perez-Martinez*, 746 F. App'x 468, 475 (6th Cir. 2018) (affirming district court's admission under 404(b) that defendant was on probation and had failed to appear at parole appointments as evidence of defendant's intentional flight).

**CONCLUSION**

3

For the reasons set forth above, Defendant Brendan Conklin respectfully moves this Court to admit Victim 1's December 14, 2023, status as then serving a period community control, of being aware of their community control condition that they not have any new charges or convictions, and that they had two state arrest warrant pending for traffic violations and failures to appear, as knowledge of their state of mind under Fed. R. Evid. 404(b).

Respectfully submitted,

*/s/ Michael J. Hunter*
Michael J. Hunter (0076815)
Dominick A. Kocak (0102165)
**Flannery │ Georgalis, LLC**
175 S. 3rd Street, Suite 285
Columbus, Ohio 43215
(614) 324-4139
mhunter@flannerygeorgalis.com
dkocak@flannerygeorgalis.com

*Counsel for Defendant Brendan Conklin*

4

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 13, 2026, a copy of the foregoing was filed with the Court electronically via the Court's electronic filing system. Notice of this filing will be sent to the represented parties by operation of the Court's electronic filing system.

*/s/ Michael J. Hunter*
Michael J. Hunter (0076815)

*Counsel for Defendant Brendan Conklin*
