## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:26-CR-00011** |
| **Plaintiff,** | |
| **v.** | **JUDGE ALGENON L. MARBLEY** |
| **BRENDAN CONKLIN,** | |
| **Defendant.** | |

### UNITED STATES OF AMERICA'S
### NOTICE TO INTRODUCE EVIDENCE USING CERTIFICATIONS, PURSUANT TO FEDERAL RULE OF EVIDENCE 803(6), 902(11) AND 902(14).

The United States of America, by and through its counsel of record, hereby formally notifies Defendant Brendan Conklin of the United States' intent to introduce, during trial in the above matter, the following evidence as self-authenticating, without calling a witness. The government intends to introduce electronic evidence by way of certification under FRE 902(14).

**I.    "CERTIFIED DATA COPIED FROM AN ELECTRONIC DEVICE, STORAGE MEDIUM OR FILE" (FORENSIC EXTRCTION EVIDENCE)**

Federal Rule of Evidence 902(14), which went into effect in December 2017, permits the authentication of certain electronic evidence by certification rather than through the testimony of a live witness.  *See United States v. Dunnican*, 961 F.3d 859, 871–872 (6th Cir. 2020) (holding that evidence extracted from a seized cell phone was "properly authenticated" by certification under Rule 902(14)).  Rule 902(14) provides as follows:

> Certified Data Copied from an Electronic Device, Storage Medium, or File. Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or

(12). The proponent also must meet the notice requirements of
Rule 902(11).

In enacting Rule 902(14) (along with Rule 902(13)), the Rules Committee noted that "as with the provisions on business records in Rules 902(11) and (12), the Committee has found that the expense and inconvenience of producing a witness to authenticate an item of electronic evidence is often unnecessary." Fed. R. Evid. 902(13), Advisory Committee's Note (2017). "It is often the case that a party goes to the expense of producing an authentication witness, and then the adversary either stipulates authenticity before the witness is called or fails to challenge the authentication testimony once it is presented." *Id.* "The amendment provides a procedure under which the parties can determine in advance of trial whether a real challenge to authenticity will be made and can then plan accordingly." *Id.*

In this case, law enforcement seized multiple electronic devices during the execution of a search warrant at Defendant's home. Investigators then obtained search warrants to search those electronic devices and executed the warrants using forensic acquisition software. The government intends to introduce evidence acquired from the devices at trial and the extraction/extraction reports for the devices have been produced to Defendant.

Attached hereto as Exhibit 1 is a signed certification from Ohio Narcotics Intelligence Center ("ONIC") Forensic Computer Specialist Robert Seum, who performed an advanced logical physical extraction of some of the electronic devices recovered.

In the Rule 902(11) and 902(14) certification, Specialist Seum attests that he was qualified to conduct the acquisitions and extractions, the process used to create the images was reliable, and the digital acquisitions and extractions are true and accurate copies of the original data on the devices.  As such, the government has met the requirements of Rules 902(14) and will seek to admit the forensic image extraction without the need for testimony from a live witness.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

By:  s/ Kevin W. Kelley
KEVIN W. KELLEY (0042406)
DAMOUN DELAVIZ (PA 309631)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Kevin.Kelley@usdoj.gov
Damoun.Delaviz@usdoj.gov